**LI FANG JIANG, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Eric H. Holder Jr., United States Attorney General,\* Respondents.**

No. 07–3013–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Alberto R. Gonzales as a respondent in this case.

Ramesh K. Shrestha, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Jason Xavier Hamilton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Fang Jiang, a native and citizen of the People's Republic of China, seeks review of a June 28, 2007 order of the BIA, denying her motion to reopen. *In re Li Fang Jiang*, No. A079 425 140 (B.I.A. June 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Jiang's untimely motion to reopen.

Jiang argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions excusing the untimeliness of her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).